## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEAL A. MITCHELL, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>          v.<br><br>TARO PHARMACEUTICAL INDUSTRIES LTD., DILIP SHANGHVI, ABHAY GANDHI, UDAY BALDOTA, LINDA BENSHOSHAN, JAMES KEDROWSKI, ODED SARIG, ROBERT STEIN, SUDHIR VALIA and SUN PHARMACEUTICAL INDUSTRIES LTD.,<br><br>          Defendants. | Civil Action No.  7:24-cv-6818<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1.  **VIOLATIONS OF SECTION 14(a) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 14a-9**<br><br>2.  **VIOLATIONS OF SECTION 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** |

Neal A. Mitchell ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1.        This is a class action brought by Plaintiff on behalf of himself and the other former shareholders of Taro Pharmaceutical Industries Ltd. ("Taro" or the "Company"), except Defendants (defined below) and their affiliates, against Taro, the members of Taro's board of directors (the "Board" or the "Individual Defendants"), and Sun Pharmaceutical Industries Ltd. ("Sun Pharma") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the acquisition (the "Transaction") of Taro by Sun Pharma. Sun Pharma and its affiliates controlled 85.7% of Taro's total voting power.

2.      On January 17, 2024, the Board caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with the Sun Pharma, pursuant to which, Taro shareholders received $43.00 in cash for each ordinary share they owned (the "Merger Consideration").

3.      On, April 15, 2024, the Board authorized the filing of a materially incomplete and misleading definitive proxy statement (the "Proxy") with the Securities and Exchange Commission ("SEC"), in violation of Sections 14(a) and 20(a) of the Exchange Act and setting a vote on May 22, 2024.

4.      On June 24, 2024, Sun Pharma announced the closing of the Transaction.

5.      While Defendants touted the fairness of the Merger Consideration to the Company's stockholders in the Proxy, they failed to disclose material information that is necessary for stockholders to properly assess the fairness of the Transaction, thereby rendering certain statements in the Proxy incomplete and misleading. Specifically, the Proxy contains materially incomplete and misleading information concerning BofA Securities, Inc.'s ("BofA Securities") methodology and key assumptions in describing the valuation analyses that BofA Securities performed.

6.      For these reasons as set forth in detail herein, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act. Plaintiff seeks recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331, federal question jurisdiction, as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

8.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

9.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Taro's principal executive office for operations in the United States is located in this District; (iii) a substantial portion of the transactions and wrongs complained of herein occurred in this District; and (iv) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

10.      Plaintiff was, and had been at all relevant times, the owner of Taro common stock and held such stock from prior to the wrongs complained of herein until his shares were cancelled pursuant to consummation of the Merger Agreement on June 24, 2024. Information regarding his stock holdings appears in the attached certification.

11.      Defendant Taro is an Israeli company with its principal U.S. executive offices located at 3 Skyline Drive, Hawthorne, NY 10532.  Taro is a pharmaceutical company. Taro's common stock traded on the New York Stock Exchange ("NYSE") under the symbol "TARO" until June 24, 2024.

12.      Individual Defendant Dilip Shanghvi was at all relevant times a director of Taro and the Chairman of the Board.

13.     Individual Defendant Abhay Gandhi was at all relevant times a director of Taro and the Vice Chairman of the Board. Individual Defendant Uday Baldota was at all relevant times a director and Chief Executive Officer of Taro.

14.     Individual Defendant Linda Benshoshan was at all relevant times a director of Taro.

15.     Individual Defendant Robert Stein was at all relevant times a director of Taro.

16.     Individual Defendant Oded Sarig was at all relevant times a director of Taro.

17.     Individual Defendant James Kedrowski was at all relevant times a director of Taro.

18.     Individual Defendant R. Sudhir Valia was at all relevant times a director of Taro.

19.     Defendant Sun Pharma is a company organized under the laws of India. Sun Pharma and its affiliates controlled 85.7% of Taro's total voting power before the Merger Transaction. It now owns 100% of the shares of Taro.

20.     The defendants identified in paragraphs 12-19 are collectively referred to as the "Defendants".

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all holders of Taro common stock who are being and will be harmed by Defendants' actions described below (the "Class").  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

22.     This action is properly maintainable as a class action for the following reasons:

(a)     The Class is so numerous that joinder of all members is impracticable.  As of March 23, 2023, Taro had approximately 7.8 million ordinary shares outstanding that were not held or controlled by Sun Pharma.

(b)     The holders of these shares are believed to be geographically dispersed throughout the United States and elsewhere;

(c)     There are questions of law and fact which are common to the Class and which predominate over questions affecting individual Class members. The common questions include, *inter alia*, the following:

i.   Whether Defendants have violated Section 14(a) of the Exchange act and Rule 14a-9 promulgated thereunder;

ii.  Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

iii. Whether Plaintiff and the other members of the Class suffered injury when they voted on the Transaction.

(d)     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

(e)     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and

(f)     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.


## SUBSTANTIVE ALLEGATIONS

## I.    Background and the Transaction

23.    Taro is organized as an Israeli company. and is a pharmaceutical company. Taro's common stock traded on the NYSE under the symbol "TARO."

24.    Sun Pharma is the largest pharmaceutical company in India and is a leading generic company in the U.S. Sun Pharma is the majority owner of Taro.

25.    On January 17, 2024, Taro and Sun Pharma issued a joint press release to announce the Transaction stating as follows:

**Taro Announces Merger Agreement with Sun Pharma**

**Agreed Price of US$43.00 per Share to Deliver 48% Premium to Unaffected Price on May 25, 2023**

**Mumbai, India and New York, USA January 17, 2024** – Sun Pharmaceutical Industries Limited (Reuters: SUN.BO, Bloomberg: SUNP IN, NSE: SUNPHARMA, BSE: 524715) (together with its subsidiaries and/or associates referred as "Sun Pharma") and Taro Pharmaceutical Industries Ltd. (NYSE: TARO) ("Taro" or the "Company") today announced that they have entered into a definitive merger agreement in which Sun Pharma, Taro's controlling shareholder, has agreed to acquire all of the outstanding ordinary shares of Taro other than the shares already held by Sun Pharma or its affiliates for US$43.00 per share in cash without interest.

Dilip Shanghvi, Managing Director of Sun Pharma, said, "Over the years, with Sun Pharma's strategic interventions, Taro has remained a key player in the generic dermatology market in a challenging environment. Post completion of the merger, the combined entity will firmly move forward, leveraging its global strengths and capabilities to better serve the needs of patients and healthcare professionals."

Uday Baldota, Chief Executive Officer of Taro, said, "Taro is committed to delivering high quality products to our patients and customers around the world. This merger will further enable us compete effectively in our products and markets."

The US$43.00 per share purchase price represents a 48% premium over the closing price of US$28.97 per share on May 25, 2023, the last trading day before Sun Pharma first submitted its non-binding proposal to Taro, and a premium of 58% to the volume-weighted average price of the shares during the 60 days prior to and including May 25, 2023. The purchase price also represents a 13% increase over

the initial proposed purchase price of US$38.00 per share as proposed on May 26, 2023.

The merger agreement was unanimously recommended by the Special Committee, which was formed by Taro's Board of Directors to consider Sun Pharma's proposal. Following a comprehensive evaluation of the proposal with assistance from independent financial and legal advisors, the Special Committee determined that the merger agreement and the per share merger consideration are fair and in the best interests of Taro and its minority shareholders.

Upon receiving the unanimous recommendation of the Special Committee, and following unanimous approval by Taro's Audit Committee, Taro's Board and the Board of Directors of Sun Pharma unanimously approved the definitive merger agreement.

The merger is subject to various closing conditions. These include, among other conditions, the approval of the merger by the affirmative vote of shareholders representing at least 75% of the voting power of the Company's shares present and voting in person or by proxy at a meeting of the Company's shareholders, including at least a majority of the voting power of such shares held by holders other than Sun Pharma and its affiliates or any other holders having a personal interest (under the Israeli Companies Law) in the merger and voting thereon.

Sun Pharma has agreed to vote its shares in favor of the merger, and has indicated that it is not willing to sell its shares to a third party or support any alternative transaction to the merger.

Upon completion of the merger, currently expected to close in the first half of 2024, Taro will become a privately held company and its shares will no longer be listed on the NYSE.

The Special Committee retained BofA Securities, Inc. as its financial advisor, Goldfarb Gross Seligman & Co. as its Israeli counsel and Skadden, Arps, Slate, Meagher & Flom LLP as its U.S. legal counsel, to assist it in its mandate. Herzog, Fox & Neeman is acting as Israeli legal counsel to Sun Pharma and Davis Polk & Wardwell LLP is acting as U.S. legal counsel to Sun Pharma. Meitar is acting as Israeli legal counsel to Taro and Shearman & Sterling LLP is acting as U.S. legal counsel to Taro.

## II.    The Proxy Is Materially Incomplete and Misleading

26.    On April 15, 2024, Taro filed the Proxy with the SEC in connection with the Transaction. The Proxy solicited the Company's shareholders to vote in favor of the Transaction. Defendants were obligated to carefully review the Proxy before it was filed with the SEC and

disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy misrepresents and/or omits material information that is necessary for the Company's shareholders to cast an informed vote regarding Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

27.     Specifically, the Proxy contains materially incomplete and misleading information concerning BofA Securities' methodology and key assumptions in describing the valuation analyses that BofA Securities performed, including, *inter alia*:

a.     That the cost of capital to Taro would be between 10% and 12% annually, well above the cost estimated by a Bloomberg analyst of 7.9%;

b.     That the value of Taro's future EBITDA should be discounted by 45% to account for historical performance, even though the factors that had impaired EBITDA in the past were no longer present and unlikely to affect future EBITDA; and

c.     That Taro's going private would not result in any savings to the company at all, even though the Company would no longer have to comply with onerous SEC reporting requirements.

28. The omission of the above-referenced information rendered the Proxy materially incomplete and misleading. A Proxy's disclosure of a valuation analysis must be complete and accurate.

29.     The Proxy Statement stated that the Shareholder meeting was set for May 22, 2024.

30.     On May 23, 2024, Taro announced that the Transaction had been approved by shareholder vote, although it did not announce the number of votes in favor and against the Transaction.

31.      On June 24, 2024, Sun Pharma announced the closing of the Transaction.

32.    In sum, the omission of the above-referenced information rendered statements in the Proxy materially incomplete and misleading in contravention of the Exchange Act.  Plaintiff and the other members of the Class were unable to make a fully-informed decision regarding whether to vote in favor of the Transaction.

## COUNT I

**On Behalf of Plaintiff and the Class Against Taro and the Individual Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

33.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.    Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title."  15 U.S.C. § 78n(a)(1).

35.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that Proxy communications with shareholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

36.    The omission of information from a proxy statement will violate Section 14(a) and Rule 14a-9 if other SEC regulations specifically require disclosure of the omitted information.

37.     Taro and the Individual Defendants issued the Proxy with the intention of soliciting shareholder support for the Transaction. Each of Taro and the Individual Defendants reviewed and authorized the dissemination of the Proxy and the use of their name in the Proxy, which failed to provide critical information regarding BofA Securities' methodology and key assumptions in describing the valuation analyses that BofA Securities performed.

38.     In so doing, Taro and the Individual Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

39.     Taro and the Individual Defendants knew or were negligent in not knowing that the Proxy was materially misleading and omitted material facts that were necessary to render it not misleading. Taro and the Individual Defendants undoubtedly reviewed and relied upon most, if not all, of the omitted information identified above in connection with their decision to approve and recommend the Transaction. Indeed, the Proxy stated that Taro and the Individual Defendants were privy to and had knowledge of BofA Securities' methodology and key assumptions in describing the valuation analyses that BofA Securities performed. Taro and the Individual Defendants knew or were negligent in not knowing that the material information identified above was omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading. Indeed, Taro and the Individual Defendants were required to review BofA Securities' methodology and key assumptions in describing the valuation analyses that BofA

Securities performed in connection with their receipt of the fairness opinions, question the bankers as to their derivation of fairness, and be particularly attentive to the procedures followed in preparing the Proxy and review it carefully before it was disseminated, to corroborate that there were no material misstatements or omissions.

40.    Taro and the Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy. The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Taro and the Individual Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully. Indeed, Taro and the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement, the preparation and review of strategic alternatives, and the review of Taro's financial projections.

41.    Taro was also deemed negligent as a result of the Individual Defendants negligence in preparing and reviewing the Proxy.

42.    The misrepresentations and omissions in the Proxy were material to Plaintiff and the Class, and deprived them of their right to cast an informed vote.

## COUNT II

**On Behalf of Plaintiff and the Class Against the Individual Defendants and Sun Pharma for Violations of Section 20(a) of the Exchange Act**

43.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.    The Individual Defendants and Sun Pharma acted as controlling persons of Taro within the meaning of Section 20(a) of the Exchange Act as alleged herein. Sun Pharma and its affiliates controlled 85.7% of Taro's total voting power. By virtue of their positions as directors of

Taro, and participation in and/or awareness of the Taro's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, the Individual Directors had the power to influence and control, and indeed did influence and control, directly or indirectly, the decision making of Taro, including the content and dissemination of the statements that Plaintiff contends are materially incomplete and misleading.

45.    Each of the Individual Defendants and Sun Pharma were provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Taro, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein by failing to exercise due diligence or oversight in their review and dissemination of the Proxy and other statements. The omitted information identified above was reviewed by the Board and Sun Pharma prior to voting on the Transaction. The Proxy at issue contained the unanimous recommendation of the Board to approve the Transaction. Sun Pharma and the Individual Defendants were thus directly involved in the making of the Proxy.

47.    In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48.    By virtue of the foregoing, Sun Pharma and the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.    As set forth above, the Individual Defendants and Sun Pharma had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' and Sun Pharma's conduct, Plaintiff and the Class were harmed.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

A.  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class Representatives and their counsel as Class Counsel;

B.  Awarding Plaintiffs and the Class compensatory and/or rescissory damages sustained as a result of Defendants' wrongdoing, including, but not limited to, pre-judgment and post-judgment interest;

C.  Awarding Plaintiffs and the Class the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses;

D.  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity, and the federal statutory provisions sued hereunder; and

E.  Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.


DATED: September 9, 2024                    Respectfully submitted,


/s/Mitchell Breit_____
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
Mitchell Breit
405 East 50th Street
New York, 10022
Telephone: (212) 946-9306
mbreit@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
Arthur Stock*
 800 S. Gay Street, Suite 1100
 Knoxville, TN 37929
 Telephone: (865) 247-0080
 astock@milberg.com

**ADEMI LLP**
Guri Ademi*
Jesse Fruchter*
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel. 414-482-8000
gademi@ademilaw.com
jfruchter@ademilaw.com

*Counsel for Plaintiff*


*Motion for *pro hac* admission forthcoming